Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| NORMA FIGUEROA GARCÍA<br>Recurrida<br><br>v.<br><br>CONCILIO DE IGLESIAS DE CRISTO MISIONERAS, MISION (POR SUS SIGLAS CICMMII) Y OTROS<br>Peticionarios | TA2025CE00771 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.:<br>RG2024CV00382 (302)<br><br>Sobre:<br>Daños y otros |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Salgado Schwarz y el Juez Monge Gómez

**Ortiz Flores, Juez Ponente**

**Resolución**

En San Juan, Puerto Rico, el 18 de noviembre de 2025.

Comparecen ante nosotros el Concilio de Iglesias de Cristo Misionera, Misión Internacional, Inc., su Junta de Directores y José Enrique Calderón en su carácter personal y como presidente de la Junta de Directores (CICMMI y otros; peticionarios) mediante una *Solicitud de Certiorari Civil* acogido como un recurso de Certiorari Civil y conjuntamente presentaron el escrito titulado *Moción en Auxilio de Jurisdicción a tenor con la Regla 79*. La peticionaria recurre de una *Resolución* emitida y notificada el 5 de noviembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI) que deniega una moción de desestimación presentada por los peticionarios.

Adelantamos que, por los fundamentos expuestos a continuación, se deniega la *Moción en Auxilio de Jurisdicción a tenor con la Regla 79* y la expedición del auto de *certiorari*.

**I**

La Sra. Norma Figueroa García presentó, el 2 de agosto de 2024, una demanda sobre daños y perjuicios contra el Concilio de Iglesias de

---

[1] A tenor con la Orden Administrativa OAJP-2021-086, inciso 3, conforme a la OATA-2025-225, y debido a que, desde el 6 de mayo de 2025, el Hon. Félix R. Figueroa Cabán dejó de ejercer funciones como Juez del Tribunal de Apelaciones, por lo que se sustituye por la Jueza Laura I. Ortiz Flores.

Cristo Misioneras, Misión Internacional, Inc. (CICMMI), su Junta de Directores y otros codemandados.[2]

En lo pertinente al recurso ante nuestra consideración, luego de varios trámites previos, la peticionaria presentó ante el TPI el 4 de noviembre de 2025 el escrito titulado *Solicitud de desestimación de Demanda Enmendada por Falta de Jurisdicción del Tribunal sobre la materia: Doctrina de Abstención Eclesiástica y por dejar de exponer una reclamación que justifique la concesión de un remedio, conforme a la Regla 10.2(1) y (5) de Procedimiento Civil*. [3] En atención a lo solicitado por el CICMMI y otros, el foro de instancia emitió el 5 de noviembre de 2025 la *Orden* recurrida, notificada en misma fecha, la cual dispuso lo siguiente:

NO HA LUGAR A LA MOCIÓN DE DESESTIMACIÓN.

Los codemandados Concilio de Iglesias de Cristo Misionera, la Junta de Directores y José Enrique Calderón tienen hasta el 28 de noviembre de 2025 como término perentorio para presentar sus contestaciones a la demanda so pena de anotación de rebeldía.

NO SE ACEPTARÁN MOCIONES DE PRÓRROGA NI DE RECONSIDERACIÓN. LAS MISMAS NO SERÁN CONSIDERADAS."[4]

Inconforme, la peticionaria expone en su recurso los siguientes señalamientos de errores:

PRIMER ERROR: Erró y abusó de su discreción de forma arbitraria y caprichosa el TPI al negarse a desestimar la demanda enmendada por falta de jurisdicción sobre la materia bajo la doctrina de abstención eclesiástica y no reconocer la falta de causa de acción justiciable.

SEGUNDO ERROR: Erró y abusó de su discreción de forma arbitraria y caprichosa el TPI al mantener como parte demandada a la Junta de Directores, a pesar de que esta carece de personalidad jurídica y legitimación pasiva; a pesar de que no fue válidamente emplazada y al no reconocer la fuerza vinculante de la Sentencia dictada por el Tribunal de Apelaciones, Panel III, Región Judicial de Fajardo de 5 de mayo de 2025.

TERCER ERROR: Erró y abusó de su discreción de forma arbitraria y caprichosa el TPI al mantener al presidente del CICMMII José Enrique Calderón como demandado en su carácter personal, cuando la demanda no contiene alegaciones en su contra en ese carácter.

---

[2] Apéndice 4 y 5, Entradas Núm. 1 y 2 de SUMAC.
[3] Apéndice 34, Entrada 180 de SUMAC.
[4] Apéndice 1, Entrada 181 de SUMAC.

CUARTO ERROR: Erró el TPI al ejercer su discreción de manera abusiva, arbitraria y caprichosa al imponer un término perentorio y prohibir la radicación de prórrogas o reconsideraciones en clara violación del derecho constitucional al debido proceso de ley.

Prescindimos de la comparecencia de la parte peticionada, sin trámite ulterior bajo lo dispuesto en la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (B) (5).[5]

**II**

El auto de *certiorari* es el vehículo procesal extraordinario "que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior." *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023), que cita a: *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *IG Builders v. BBVAPR*, 185 DPR 307, 337-338 (2012). Se trata de un recurso discrecional, para el cual existen unos parámetros que sirven de guía al momento de decidir si debemos expedir o denegar el auto. *IG Builders v. BBVAPR*, *supra*. De esta forma, el asunto que se nos plantee en el recurso de *certiorari* debe tener cabida dentro de alguna de las materias reconocidas en la Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1 (Regla 52.1).

Particularmente, en cuanto a los procedimientos de apelación, *certiorari,* u otros procesos para revisar sentencias y resoluciones, la Regla 52.1 dispone lo siguiente:

El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el

---

[5] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho".

Tribunal de Apelaciones no tiene que fundamentar su decisión. […]

De acuerdo con la anterior disposición legal y la jurisprudencia interpretativa, nos corresponde realizar un análisis dual para determinar si se expide o no un auto de *certiorari.* Este examen consta de una parte objetiva y otra parte subjetiva. Por ello, en primer lugar, tenemos que analizar si la materia contenida en el recurso de *certiorari* tiene cabida dentro de una de las materias específicas establecidas en la Regla 52.1, toda vez que esta enumera taxativamente bajo qué materias, solamente, se podrá expedir el auto de *certiorari.* En aquellos en los que la materia no esté comprendida dentro de la regla, el tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente.

Superada esta etapa, corresponde analizar si bajo la discreción concedida a este tribunal revisor mediante la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40 (Regla 40), debemos o no expedir el auto de *certiorari.* A esos fines, la Regla 40 establece los criterios que debemos tomar en consideración para determinar si expedimos o no un auto de *certiorari*, como sigue:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

A su vez, los foros apelativos "no debemos intervenir con el ejercicio de la discreción de los foros de instancia, salvo que se demuestre que hubo un craso abuso de discreción, perjuicio, error manifiesto o parcialidad." *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), que cita a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). Asimismo, con

relación a determinaciones interlocutorias discrecionales procesales, no debemos sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, "salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción." *Meléndez v. Caribbean Int'l News*, 151 DPR 649, 664 (2000).

Finalmente, es norma reiterada que al denegar la expedición de un auto de *certiorari* de acuerdo con la Regla 52.1, este Tribunal no tiene que fundamentar su decisión.

### III

En el presente caso, se recurre de una *Orden* que declaró sin lugar una solicitud de desestimación instada por la peticionaria.

Según señalamos antes, al determinar si debemos expedir o no el auto discrecional de *certiorari*, en primer lugar, nos corresponde determinar si la materia planteada está contemplada entre los supuestos de la Regla 52.1 de Procedimiento Civil. La contestación a dicha interrogante es en la afirmativa, ya que se recurre de la denegación de una moción dispositiva. Como parte del análisis dual, en segundo lugar, debemos examinar el asunto que se nos plantea a la luz los criterios contenidos en la Regla 40 de nuestro Reglamento. En este ejercicio, no encontramos que el tribunal primario haya incurrido en un abuso de discreción o que haya actuado bajo prejuicio o parcialidad que acarree un fracaso de la justicia. Tampoco se demostró que el foro recurrido se haya equivocado en la interpretación o aplicación de una norma procesal ni que, intervenir en esta etapa, evitaría un perjuicio sustancial contra la parte peticionaria. Por ello, cónsono con los principios antes esbozados, resolvemos denegar la expedición del auto de *Certiorari* y se declara la *Moción en Auxilio de Jurisdicción a tenor con la Regla 79*.

### IV

Por las razones que anteceden, se deniega la expedición del auto de *certiorari* solicitado, y la solicitud de auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones